SHIRLEY LEVINSON, p.p.a.
*vs.*
RACHAEL CHAPNICK

Superior Court　　　New Haven County　　　File #53987

MEMORANDUM FILED DECEMBER 29, 1938.

Max H. Schwartz, of New Haven, for the Plaintiff.

Clark, Hall & Peck, of New Haven; Russell H. Atwater, of New Haven, for the Defendant.

ELLS, J. The substituted complaint contains three counts. In the first count the plaintiffs allege part ownership in certain real estate and in two notes secured by mortgage, with the remaining interest in the defendant; and that the defendant has

taken all the income and principal payments and has diverted them to her own use. This count is not specifically demurred to.

The second count repeats the allegations of the first count and alleges a written agreement for an accounting; and that the agreement binds the plaintiff Harry Levinson to pay the defendant $17.50 a week for six years in consideration of the purported sale of a certain store; and to pay $2.50 a week while defendant lived at No. 84 Dewitt Street or retained possession of the premises; and that the defendant agreed to collect certain rentals and apply them to the payment of taxes, interest, etc.; and that said agreements are dependent on each other; and that the defendant has failed to keep his agreement as a result of which there has been a foreclosure action; and that Harry Levinson has made the agreed payments, often under legal compulsion.

The defendant has demurred on the ground that the writing itself does not express consideration. The answer seems to be that this curious agreement expresses a specific consideration, namely "in consideration of said sale." It also might be inferred that mutual promises act as a consideration. The demurrer is overruled.

The third count repeats the allegations of the first and second counts and adds that Harry Levinson has paid a sum exceeding the value of any interest allegedly sold by the plaintiff and any further payments would be unconscionable.

There is a demurrer on the ground that it does not appear that the contract for the sale of the store has any legal effect contrary to the intention of the parties as expressed therein. The answer seems to be that the plaintiff has alleged a course of events which he claims now makes it imperative for a court of equity to reform the contract. The demurrer is overruled.

Another reason for these conclusions is that the whole affair is so jumbled and obscure on the pleadings that a court cannot make intelligent decision until it has heard at least some of the evidence. This is an unusual reason, but a practical and reasonable one.

A third demurrer is to the whole complaint. The first count is admittedly good against demurrer. It is contended that there is a misjoinder of causes of action. Visibility is not good, but

so far as can be seen the causes of action arise out of the same transaction, within our rule.   The demurrer is overruled.